IN THE MATTER OF THE PETITION FOR THE RE-CHECK OF VOTING MACHINES AND IRREGULAR BALLOTS IN THE 3RD, 4TH, 5TH, 6TH, 7TH, 8TH AND 11TH DISTRICTS OF THE THIRD WARD OF JERSEY CITY.

Superior Court of New Jersey
Law Division

Argued April 18, 1952—Decided April 18, 1952.

*Mr. Abraham Lightdale,* for the petitioners.

*Mr. Mortimer Neuman,* for the City of Jersey City.

*Mr. Morris Chesler,* for the Superintendent of Elections and Commissioner of Registration.

*Mr. Julius Cantor,* for the respondents.

JOSEPH L. SMITH, J. S. C. This matter is before the court on the return of an order directing that the Hudson County Board of Elections re-check the registering counters of the voting machines and the irregular ballots cast for members of the Hudson County Republican Committee in the primary election held on April 15, 1952, in the third, fourth, fifth, sixth, seventh, eighth and eleventh districts of the third ward of the City of Jersey City and to re-check same against the election officials' tallies in the respective districts and to proceed in accordance with the statute in such case made and provided.

■ The county board of elections consists of two Republican and two Democratic members. This board in passing upon the validity of the ballots in question was equally divided, and under the statute the said county board having failed to decide by a majority vote the validity of these ballots, the disputed ballots are properly submitted to this court for decision. *R. S.* 19 :28–3.

■ The form of a ballot is not a judicial function but a legislative one, as the form of a ballot is fixed and determined by the Legislature. This court's ruling on the question before it neither gives nor deprives any person the right of franchise to vote.

*R. S.* 19 :14–4, as amended, clearly states in section 4 as follows :

"To vote for any person whose name is not printed on this ballot, write or paste the name of such person under the proper title of office, * * *"

In passing, the names of all of these candidates in question were not printed on the ballots. These were so-called

"write-in ballots" or "irregular ballots," and as such *R. S.* 19:49–5 as amended, is controlling. "Such irregular ballot shall be written or affixed in or upon the receptacle or device provided on the machine for that purpose."

■ These names were all placed upon the ballots in different colors, blue and green I think it is, on a rubber stamp, so they were not written in and they were not pasted in "Under the proper title of office in the column designated personal choice and mark a cross X, plus + or check √ in the square to the left of the name so written or pasted." That is the manner in which a person must cast his ballot for an irregular or "write in" candidate and in no other way. That exactly conforms with the provisions of *R. S.* 19:49–5, as amended, which defendants rely upon, and is in accord with *R. S.* 19:14–4, as amended, "written or pasted" only. Any other device is void and contrary to the statutes made and provided for.

Therefore, this court necessarily is constrained to declare void these ballots in the following:

| | |
|---|---|
| Fourth district | 2 ballots |
| Fifth district | 8 ballots |
| Sixth district | 8 ballots |
| Seventh district | 10 ballots |
| Eighth district | 8 ballots |
| Eleventh district | 2 ballots |

These ballots will be declared void.

There is nothing before the Court as to the third district of the third ward. Therefore no ruling can be made.

Order may be entered accordingly. Restraint will be dissolved.